### No. 512
### MOMENEE, Admr., v. TRUPP

Ohio Appeals, Lucas County

No. 1317. Decided June 18, 1923

This opinion has not been published except in Abstract

PRACTICE—(1) Latitude of voir dire is largely discretionary with court—(2) Failure to permit counsel to question jurors regarding liability insurance—(3) No prejudicial error in excluding evidence showing lack of chains on automobile, where it is not shown that car skidded—(4) Verdict not against weight of evidence—(5) Extended argument by counsel with court, not misconduct by court.

CHITTENDEN, J.

#### Epitomized Opinion

This was an action for wrongful death brought by the father and administrator of Robert Momenee against one Krupp. The deceased child, Robert Momenee, who was about seven years old, was killed on one of the principal streets of Toledo while going home from school. The boy, together with another boy, was crossing the street at the time he was

## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

struck by an automobile owned and operated by defendant. The evidence was in conflict as to whether the two boys ran from behind a street car and the one struck before the defendant had an opportunity to stop his car. During the trial the court refused to permit the plaintiff to show that the car was being operated on wet and slippery streets without chains upon the ground that it was not alleged in the petition. No evidence was introduced showing that the car skidded or that it failed to stop because of lack of chains. The jury returned a verdict in favor of the defendant. Judge Ritchie of the Common Pleas Court overruled a motion for a new trial, whereupon the plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the voir dire examination of veniremen is largely within the discretion of the trial court, no prejudicial error can be assigned in connection with such examination unless there is a clear abuse of discretion.

2. No prejudicial error is committed in the court's refusal to permit counsel to ask the jury if any of them were connected in any way with liability insurance.

3. As there was no evidence showing that the skidding of the automobile caused or contributed to the accident, no error was committed in the court's refusal to allow the admission of evidence showing that the automobile was not equipped with chains, where that fact was not alleged in the petition.

4. It cannot be said as a matter of law that the verdict was manifestly against the weight of evidence.

5. If the court commits error in its rulings, counsel should take advantage of this fact by an exception, and counsel cannot complain of misconduct on the part of the trial judge if he engaged in an extended argument with the court in the presence of the jury.

Attorneys—C. A. Thatcher and C. A. Meck, for plaintiff; Fritsche, Kruse & Winchester, for defendant.